SADLER et al. *vs* HOUSTON & GILLESPIE.

1. A *dismissal*, (or discontinuance,) as to *one* of two makers of a promissory note, and judgment against the other, where the record shows service of process on, and declaration against both, is error.

Houston & Gillespie, assignees of Ann P. Rossell, brought an action of debt in Blount Circuit Court, against Isaac and Mary Sadler: and the cause of action was a *joint* promissory note, signed by the defendants, and made payable twelve months after date, in the sum of three hundred dollars, to Ann P. Rossell, or order. The writ was executed on both Isaac and Mary Sadler.

At Spring term, 1828, the following entry appeared to have been made in the cause, to wit—"Matthew C. Houston & William F. Gillespie, merchants, &c., assignees of Ann P. Rossell, *against* Isaac Sadler and Mary Sadler.—This day came the parties aforesaid, by their attornies, and the said plaintiffs dismissed *his* [their] suit, as against the said Mary Sadler; and, the said defendant saying nothing, in bar or preclusion of the said plaintiffs' action, whereby the plaintiffs, as against him, remaineth altogether undefended.—It is, therefore, considered, by the Court, that the said plaintiffs recover against the said Isaac Sadler, the sum of three hundred dollars, the debt, in the declaration mentioned, together with the sum of thirty-one dollars, interest thereon, computed by way of damages, for the detention of the

debt aforesaid ; and also their costs, by them about their suit in this behalf expended," &c.

By writ of error, the said Isaac and Mary Saddler, removed the cause here : and it was assigned—that a judgment was rendered against the said Isaac alone, when the writ was issued against both the defendants, and served on both ; and a declaration filed against both.

LIPSCOMB, C. J. — Houston & Gillespie, assignees of Ann P. Rossell, brought the suit, in the Circuit Court of the County of Blount, against Isaac Sadler, and Mary Sadler. Service of the writ was effected on both the defendants. There does not appear to have been any appearance, unless we can infer the presence of the defendants from the manner, in which the clerk has entered the judgment.

The case is first stated, of Houston & Gillespie, against both the defendants. He then goes on to say, that the parties appeared by their attornies, and the said plaintiffs dismissed *his* suit, as against the said Mary Sadler ; and the said defendant saith nothing in bar, &c.; concluding a judgment of *nihil dicit* in the usual form.

The error assigned, is in the entering up judgment against one, only, after having discontinued, as to the other defendant, who had been in Court, as co-defendant.

That such a discontinuance is error, and fatal, has been ruled, by a series of decisions in this Court; and it will be only necessary to refer to those cases. The case of *Smith & Hill* vs *Cobb;*[a] *Adkins* vs *Allen;*[b] *Brahan* vs *Johnson;*[c] *Roberts* vs *Johnson;*[d] *Thomp-*

[a] 1 Stew. 62.
[b] 1 Ib. 130.
[c] 1 Ib. 189.
[d] 2 Ib. 13.

*son* vs *Saffold et al.*[e]   The principle is acknowledged [*2 Ib. 494.] in all of these cases; and we are fully satisfied of its soundness.   I will only remark, that the case of *Roberts* vs *Johnson*, (reported in 2d Stewart,) was one of marked features; and the decision of the Court might well have been rested on the peculiar circumstances, if there had been no more solid basis to rest it on.

In truth, the case was decided, on the ground, that service had never been effected on the other defendant: and, the plaintiff was authorised to discontinue, as to him, by the act of 1818.   But, in giving the opinion of the Court, I made some remarks, on the prominent and extrordinary features it presented, that, in my opinion, would have saved the judgment, even if the other defendant, as to whom the suit was discontinued, had been served with process.

In that case, after the discontinuance, judgment by *default* was entered, which was opened by the defendant, on affidavit of merits; but he then declined pleading, but secured a continuance—and, at the next term suffered a judgment by default, again to be entered up, for want of a plea.   This, to me, had the appearance of trifling with the Court.

The judgment must be reversed.


THORNTON. J, not sitting.